IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| REGINALD McWILLIAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | No. 12-3089-JDT-dkv |
| ) | |
| ELIJAH NOEL, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

On September 11, 2013, Magistrate Judge Diane K. Vescovo issued a report and recommendation [DE# 8] that the *pro se* complaint that was filed in this matter be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and because the claim is barred by the applicable statute of limitations. Plaintiff has filed objections to the report and recommendation [DE#s 9. 10].

Having carefully reviewed the record, the controlling case law, and Plaintiff's objections, the court agrees with the Magistrate Judge's recommendation. Because the Magistrate Judge thoroughly explained her decision and because an issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this court's jurisprudence, the court ADOPTS the report and recommendation for the reasons set forth by Magistrate Judge Vescovo, and the case is hereby DISMISSED.

The court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the

full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

IT IS SO ORDERED.

       s/ **James D. Todd**
       JAMES D. TODD
       UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this court copies of motions intended for filing in the Sixth Circuit.